1  **GREER & ASSOCIATES. A.P.C.**
   C. Keith Greer.. Esa. (State Bar No 135537)
2  16855 West Bernardo Dr. Suite 255
   San Diego. California 92127
3  Telephone: (858) 613-6677
   Facsimile : (858) 613-6680
4  E-mail: keith.greer@greerlaw.biz

5  Attorneys for Plaintiff
   BLAINE LABORATORIES, INC
6

7

8                    UNITED STATES DISTRICT COURT
9
                     CENTRAL DISTRICT OF CALIFORNIA
10
                         SANTA ANA DIVISION
11

12
   BLAINE LABORATORIES, INC., a          ) Case No.:
13 California corporation,               )
                                         ) **COMPLAINT FOR PATENT AND**
14        Plaintiff,                     ) **TRADEMARK INFRINGEMENT**
                                         )
15        v.                             )
                                         ) **DEMAND FOR JURY TRIAL**
16 VIVERA PHARMACEUTICALS, INC., a       )
   Delaware corporation, and PAUL EDALAT,)
17 an individual,                        )
                                         )
18        Defendants.                    )
                                         )
19 ─────────────────────────────        )

20
          Plaintiff BLAINE LABORATORIES, INC., a California corporation ("Blaine
21
   Labs"), alleges as follows against Defendants VIVERA PHARMACEUTICALS, INC.,
22
   Delaware corporation ("Vivera"), and PAUL P. EDALAT ("Edalat"), an individual:
23
                              **I. THE PARTIES**
24
   1.     Blaine Labs is a California corporation with its principal place of business in Santa
25
          Fe Springs, California.  Blaine Labs designs, develops, manufactures and distributes
26
          a variety of successful wound care, skin care, pain management and fungal care
27
          products.
28
   2.     Defendant Vivera is a Delaware corporation authorized to conduct and conducting

                                    -1-
                               COMPLAINT

business in the state of California, with its principal place of business at 4533 MacArthur Blvd., #5049, Newport Beach, California, 92660.  Vivera is a self-described "science-led, research and development biopharmaceutical company."

3.    Defendant Edalat is an individual residing in the state of California.  Cross-Complainants are informed and believe that Mr. Edalat is a resident of Orange County.  Mr. Edalat is the President and Chief Executive Officer of  Defendant Vivera.

## II. JURISDICTION AND VENUE

4.    This is an action for Patent and Trademark Infringement.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1338.

5.    Venue in this District is proper because the Defendants reside in this district, maintain their principal place of business within this district at 4533 MacArthur Blvd., #5049, Newport Bearch, California, 92660.  Further the patent and trademark infringement alleged herein occurred within this district and affected commerce within this district.

## III.  ALTER EGO ALLEGATIONS

6.    Commencing with his first personal bankruptcy filing in or about 1997, Mr. Edalat developed a business strategy of forming successive undercapitalized business entities, using the corporate structure as a means of obtaining large sums of money by attracting investors and lenders and then not paying them back after he learned how to discharge his debts in Bankruptcy Court.

7.    This scheme was laid bare in a 2010 Complaint filed by one of Mr. Edalat's former attorneys wherein the former attorney alleged: "In late 2005, Edalat retained the services of [law firm] for the representation of him and two other entities through which he was then operating. These two entities, Formulated Sciences and Veripak, performed identical services to the services now provided by Scilabs. Scilabs was formed after Edalat defrauded so many creditors and investors such that he needed to "start fresh" and wipe out his debts and obligations. Plaintiff is informed and

COMPLAINT

believes and on that basis alleges that Edalat had accumulated millions in investor dollars and debts, including judgments, against these entities. at the time that he abandoned them to start Scilabs. Edalat created these companies as a means to obtain large sum of money by not paying back investors. vendors and lenders after he learned how to "discharge" his own obligations in Bankruptcy. Because he had filed two personal Bankruptcies, in 1997 and in 2005 as a means to avoid judgments against him. he cannot file another Bankruptcy until at least 2012. Thus. Edalat turned to the corporate structure as a means of swindling people. hoping that it would provide him with the protections from creditors afforded to shareholders."

8.  Mr. Edalat has repeated the pattern forming multiple additional new Companies which are now defunct, including, Formulated Sciences, Veripak, Scilabs Global Holdings, SciLabs Nutraceuticals, Inc., SITG Corporation, Sunmedia Productions. Zosma, Inc.. All Pro Sciences, EFT Global Holdings d/b/a Sentar Pharmaceuticals, Blue Torch Ventures, Inc, LIWA, N.A., Inc..

9.  In addition, Mr. Edalat has now filed a third personal bankruptcy.

10. On information and belief, Mr. Edalat controlled, dominated, managed, and operated Vivera, such that any individuality and separateness between and among Mr. Edalat and Vivera does not exist.  Vivera is, and at all times relevant to this Complaint was, a mere shell, instrumentality, sham, and/or conduit through which Mr. Edalat could conduct his business, without adequate capital or assets to exist independently of their principal.  Mr. Edalat conceived of, intended, and used Vivera as a device to shield himself from individual liability, to make fraudulent transfers, and for no other reason. Adherence to the fiction of the separate existence of Vivera as an entity distinct from Mr. Edalat would permit abuse of the company privilege and would sanction Mr. Edalat's formation of shell companies for the sole purpose of evading and defrauding potential judgment creditors.

///
///

# FIRST CLAIM FOR RELIEF
## PATENT INFRINGEMENT
### (United States Letters Patent No. 6,572,878)

11.  Plaintiff incorporates the allegations of paragraphs 1 through 10 as though set forth fully herein.

12.  On or about June 3, 2003, United States Letters Patent No. 6,572,878, were issued to the plaintiff for invention of an improved silicone sheet for flattening and fading scars ("Scar Pads"). Plaintiff owned the patent throughout the period of the Defendant's infringing acts and still owns the patent.

13.  The invention is summarized as follows:

> "[A]n improved Silicone sheet for flattening and fading Scars. The Silicone sheet is impregnated with an antioxidant and/or an antimicrobial. The Silicone sheeting serves to prevent the formation of Scars and/or flatten and fade the appearance of Scars. The antioxidant serves to Slow free radical reactions on the Skin, thereby promoting skin healing. Further, the antimicrobial helps prevent the accumulation of microbes on the skin often caused by Silicone occlusion. The sheet may be designed to Self-adhere to the skin, thereby eliminating the need for separate adherents, such as bandages and medical tapes."

14.  A true and correct copy of the patent is attached hereto as Exhibit 1 and incorporated herein by this reference.

15.  The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on the Scar Pads it manufactures and sells and has given the Defendants written notice of the infringement.

16.  The Defendants have infringed and are still infringing the Letters Patent by and selling Scar Pads exhibiting the unauthorized use of Patent No. 6,572,878 on the

COMPLAINT

product containers being distributed and sold by the Defendants, and by distributing and selling Scar Pads that embody the patented invention without legal authorization to do so.

17.   On March 19, 2019, Plaintiff, by and through its patent counsel sent a cease and desist letter to Defendants demanding that Defendants cease and desist their infringement of the patent.  A true and correct copy of that letter is attached hereto as Exhibit 2.

18.   Despite the cease and desist letter Defendants have continued to distribute and sell Scar Pads that embody the patented invention and Letters Patent, and the Defendants will continue to do so unless enjoined by this court.

19.   Plaintiff has suffered economic damages due to said infringement in that Defendants have sold an amount of infringing product according to proof but believed to be over $5,000,000 without any compensation to Plaintiff.

20.   The continuing infringement of the patent is willful.  The patent is, and was, at all times alleged herein a valid and enforceable patent and Defendants were fully aware at all times of the existence of the patent and that their actions were infringing.  The willfulness of the infringement justifies an award of treble damages pursuant to 35 U.S.C. §284.

21.   As a result of the infringement, Plaintiff demands : (a) a preliminary and final injunction against the continuing  infringement; (b) an accounting for damages; (c) an award of treble damages pursuant to 35 U.S.C. §284; and (c) interest and costs.

## SECOND CLAIM FOR RELIEF

## TRADEMARK ("Blaine Labs" and "Sil-K")

22.   Plaintiff incorporates the allegations of paragraphs 1 through 21 as though set forth fully herein.

23.   On or about December 9, 2003, BLAINE LABS filed for trademark protection of the wordmark "Blaine Labs" with the United State Patent and Trademark Office

(hereafter "USPTO").  The mark was published for opposition on or about November 9, 2004 and was registered as a trademark, trademark serial #78338448, on February 1, 2005.

24.   BLAINE LABS has continuously used the registered trademark "Blaine Labs" in commerce in the United States since the date of the registration.

25.   On or about December 14, 2017, Blaine Labs entered into a Supplier/Distributor Agreement ("Agreement") with Solutech Pharmaceuticals, LLC, ("Solutech"), whereby Blaine Labs would produce and sell Scar Pads subject to Letters of Patent 6,572,878 to Solutech, which Blaine Labs would package and label as "Sil-K" (the "Mark") silicone pads, a "Silicone Gel Matrix NDC #70350-2615-0," for distribution by Solutech.

26.   Pursuant to the Agreement, subsequent oral modifications to the Agreement, and reassurances from Solutech, Blaine Labs manufactured a substantial inventory of Scar Pads and packaging.  Thereafter Solutech breached the Agreement, and stopped selling the Sil-K labeled Scar Pads, requiring Blaine Labs to mitigate its damages by selling the Sil-K labeled Scar Pads to alternative pharmaceutical brokers and wholesalers.

27.   Solutech's cessation of using the Sil-K mark constituted abandonment of the mark, which Blaine Labs thereafter adopted and commenced sales on or about October 10, 2018.  Such sales by Blaine Labs continued through the present date.

28.   On or about January 31, 2019, Paul Edalat ("Edalat") was terminated as the Chief Executive Officer of Blaine Labs.  At or about this time, Edalat instructed persons associated with Defendant Vivera to take millions of dollars worth of Sil-K kits and Scar Pads from Blaine Labs warehouse, which Defendant Vivera, per the instructions of Defendant Edalat, later sold and distribued utilizing the Sil-K and Blaine Labs Marks.

29.   Defendants, and each of them, do not have permission to use the MARKS or to advertise or offer to sell any products using the MARKS.

COMPLAINT

30. From on or about January 31, 2019, and forward, continuing through the date of filing of this Complaint, Defendants, and each of them, have, without plaintiff's consent, reproduced and copied the MARKS and applied the reproduction and copy to labels and advertisements intended to be used in conjunction with the sale or distribution of Sil-K Scar Pads in the United States by VIVERA by persons and companies other than plaintiff.

31. Such unauthorized use further includes creation and use of packaging using the MARKS.

32. This use of plaintiff's MARKS is likely to cause confusion or mistake or to deceive members of the public as to the source of origin of the Scar Pads that are sold or distributed in conjunction with the labels or advertisements.

33. These actions by Defendants constitute trademark infringement.

34. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned in this complaint, Defendants knew that the labels, videos and advertisements containing the reproduction of plaintiff's trademarks were intended to be used to cause confusion or mistake or to deceive the public as to the source of Sil-K Scar PAds in conjunction with which the labels, videos and advertisements were to be used.

35. Plaintiff is informed and believes, and on that basis alleges, that as a direct and proximate result of Defendants' infringement of plaintiff's MARKS, as described above, Defendants have derived profits in an amount currently unknown, but in excess of $5,000,000.

36. As a further direct and proximate result of Defendants' infringement of plaintiff's trademark, as described above, plaintiff has sustained damages in an amount according to proof, consisting of lost and diverted sales.

///
///
///

COMPLAINT

1

## PRAYER FOR RELIEF

2   Wherefore, Cross-Complainants respectfully prays that this Court grant the following

3   relief:

4       1.      Compensatory, general and special damages against all Cross-Defendants in

5               an amount to be proven at trial;

6       2.      For an award of treble damages pursuant to 35 U.S.C. §284;

7       3.      For a declaration of the respective rights of the parties as set forth above;

8       4.      For an injunction to restrain Defendants, their agents and attorneys, from their

9               acts of infringement;

10      5.      For a complete accounting of the goods and funds wrongfully diverted and

11              retained by Defendants as a result of their infringements;

12      6.      For a constructive trust to be placed on the ill-gotten proceeds from the

13              infringing sales and that all such proceeds be disgorged to Plaintiff;

14      7.      For an award of attorney fees;

15      8.      Punitive damages;

16      9.      Pre and post-judgment interest;

17      10.     For costs of suit herein; and

18      11.     For such other and further relief as the court may deem just and proper.

19

20  Dated: November 19, 2019                **GREER & ASSOCIATES, A.P.C.**

21

22                                          By: _____

23                                              C. Keith Greer, Esq.

24                                          Attorneys for Defendants
                                            BLAINE HOLDING & DEVELOPMENT, LLC

25

26

27

28

-8-

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a trial by jury on all claims.

3  Dated: November 19,  2019       **GREER & ASSOCIATES, A.P.C.**

4

5                      By: _____

6                         C. Keith Greer, Esq.

7                      Attorneys for Defendants
BLAINE HOLDING & DEVELOPMENT, LL

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT